11/05/99 FRI 16:57 FAX 253 941 8917 VAN SICLEN STOCKS
Case 2:99-cv-00258-JLQ ECF No. 16 filed 11/05/99 PageID.75 Page 1 of 14  ☒002
COURT REPORTERS
601 W. RIVERSIDE
SUITE 1030
SPOKANE, WA 99201

Robert C. Van Siclen
Tyler K. Firkins
Van Siclen, Stocks & Firkins
4508 Auburn Way North, Suite A100
Auburn, WA 98002
(253) 859-8899

Honorable Justin L. Quackenbush

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 05 1999

ORIGINAL

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON, SPOKANE DIVISION

HAROLD and IDELLA EVERETT, a married )
couple; and RICHARD EVERETT )
 )   NO.   CS-99-258-JLQ
 )
            Plaintiffs, )   MEMORANDUM OF POINTS &
vs. )   AUTHORITIES IN SUPPORT OF
 )   MOTION FOR PARTIAL
ROBERT RICARDO PEREZ AND LUCY )   SUMMARY JUDGMENT
PEREZ, Individually, and their marital )   RE: CITY OF WENATCHEE &
community, KENNETH C. BADGLEY and )   ROBERT PEREZ
EARL F. TILLY, individually and in their )
official capacities; CITY OF WENATCHEE )
a municipality, )
            Defendants. )
_____)

The plaintiffs, by and through their attorneys of record, Van Siclen, Stocks & Firkins, hereby submit this memorandum of points and authorities in support of their motion for partial summary judgment.

## I. FACTUAL SUMMARY

This action arises out of violations of the plaintiffs' civil rights committed by the above defendants in the course of a criminal investigation into allegations of

MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT--1
F:\clients\everen6184\mem.PSJ



VAN SICLEN, STOCKS & FIRKINS
ATTORNEYS AT LAW
4508 AUBURN WAY NORTH · SUITE A-100
AUBURN, WASHINGTON 98002-1361

child sex abuse. Plaintiffs Harold and Idella Everett were charged with thousands of counts of child rape and molestation by Detective Robert Perez, a police detective for the city of Wenatchee.

Harold and Idella Everett are married with five children, Richard, Melinda, Donna, Shaun and Ronnie. They lived a modest life in a small house in Wenatchee, Washington. In 1994-1995, Harold and Idella Everett were accused of having committed horrific sex crimes. They were charged with thousands of counts of child molestation and sex abuse.

In the course of this unbelievable story, Harold and Idella lost everything, their home, their children and their freedom. Richard lost his family and the life that he knew for fourteen years of his life.

After spending more than four years in prison, Harold and Idella were released as a result of an appellate court decision ordering a new trial, and the State's subsequent dismissal of all charges. To this day, the Everett family has not been reunited.

Both Mr. and Mrs. Everett are illiterate. Idella Everett has an IQ of 68, and has suffered from poor health for a number of years. Fully aware of Ms. Everett's

MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT--2
F:\clcints\everett6184\mem.PSJ

disabilities, Detective Perez coerced Ms. Everett into confessing to the molestation of her two daughters, and also implicating her husband, Harold. Mr. and Mrs. Everett entered *Alford* pleas and were incarcerated. Their children were placed in foster care.

In 1997, Mr. and Mrs. Everett filed personal restraint petitions in the Court of Appeals for the state of Washington. On December 18, 1997, the Court of Appeal ordered a reference hearing. A reference hearing is a trial before a superior court judge to permit the trial court to make certain findings of fact relevant to the Everetts' PRPs. The Court of Appeals stated that the purpose of the hearing was to determine: (1) was the 1996 recantation of M.E., one of their daughters and a central accuser, newly discovered evidence, and (2) did the State's investigative techniques improperly influence the statements and testimony of M.E., her sister D.E. and her two younger brothers. (*See* Order dated December 17, 1998 and Unpublished Opinion dated September 15, 1998).

The superior court reference hearing consisted of six days of testimony. On March 31, 1998, the trial court entered its findings of fact and transmitted them to the Court of Appeals. On September 15, 1998, the Court of Appeals entered an

MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT--3
F:\clients\everen6184\mem.PSJ

unpublished opinion granting the PRPs of Mr. and Mrs. Everett. The Court of Appeals decision was not appealed, and the cases against Harold and Idella Everett dismissed.

The trial court made extensive findings of fact based upon the testimony of the witnesses who testified at the reference hearing, which were contained in a 64 page Memorandum Decision. (*See* attached exhibit "A").

By this motion for partial summary judgment, the plaintiffs seek to apply the doctrine of collateral estoppel as to the findings of fact rendered by the trial court and the Court of Appeals as to the City of Wenatchee and Robert Perez.[1] The plaintiffs seek an order adopting the findings as fully set forth in both the trial court's memorandum decision and the Court of Appeal's Unpublished Opinion. These facts would be incorporated into the Pretrial Order pursuant to LR 16.1 as undisputed facts. Alternatively, the plaintiffs seek to have the facts in the LR 56 declaration deemed to be established pursuant to the collateral estoppel doctrine as to defendants City and Perez.

---

[1] The plaintiffs will subsequently file a motion for partial summary judgment on the issue of liability based upon the application of collateral estoppel in this case.

MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT--4
F:\clients\everett6184\mem.PSJ

VAN SICLEN, STOCKS & FIRKINS
ATTORNEYS AT LAW
4508 AUBURN WAY NORTH · SUITE A-100
AUBURN, WASHINGTON 08002-1381

## II. LEGAL ANALYSIS

The plaintiffs are seeking an order precluding the City from re-litigating certain facts found by the trial court in the Everetts' reference hearing and adopted by the Washington State Court of Appeals, Division III.

Under the Full Faith and Credit Act, federal courts must give state judicial proceedings "the same full faith and credit ... as they have by law or usage in the courts of [the] State ... from which they are taken." 28 U.S.C. § 1738; *see Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 519, 106 S.Ct. 768, 770, 88 L.Ed.2d 877 (1986). This Act requires federal courts to apply the res judicata rules of a particular state to judgments issued by courts of that state. *Id.* at 523, 106 S.Ct. at 771. Thus, when an underlying judgment was rendered in state court, federal courts must apply that state's laws regarding res judicata and collateral estoppel principles. *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir.1988).

### A. The Doctrine of Collateral Estoppel Applies in the Present Case.

Under Washington law, the party asserting collateral estoppel must show the following: (1) the issue in both actions is identical; (2) the prior adjudication ended in a final judgment on the merits; (3) the party against whom the doctrine is

MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT--5
F:\clients\everett6184\mem.PSJ

asserted was a party or was in privity with a party to the prior action; and (4) application of the doctrine does not work an injustice. *Hanson v. Snohomish*, 121 Wash.2d 552, 852 P.2d 295 (1993). Each of these factors will be discussed in the analysis that follows.

**(1). Identity of issues.**

In *Hanson v. Snohomish*, 121 Wash.2d 552, 554, 852 P.2d 295 (1993), Hanson previously had been charged with and convicted of first degree assault. At his criminal trial, he had argued that the pretrial identification procedures were impermissibly suggestive. The trial court and the Court of Appeals determined that the procedures were permissible, but the Court of Appeals reversed the conviction and remanded for a new trial on other grounds. On remand, Hanson was acquitted. *Hanson*, at 555, 852 P.2d 295.

Hanson subsequently sued the **City** of Snohomish for malicious prosecution, false arrest and imprisonment, negligent investigation, and civil rights violations. *Hanson*, at 555(emphasis added). Each of these claims was based on his argument that the pretrial identification procedures were unduly suggestive. The trial court granted summary judgment to the City on the ground that the identification

MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT--6
P:\clients\everett6184\mem.PSJ

VAN SICLEN, STOCKS & FIRKINS
ATTORNEYS AT LAW
4508 AUBURN WAY NORTH · SUITE A-100
AUBURN, WASHINGTON 98002-1381

procedures issue was barred by collateral estoppel. The Supreme Court affirmed the trial court, stating:

> The challenges, the evidence and the arguments Hanson presents in the present civil case are identical to those presented to the trial court at the suppression hearing and to the Court of Appeals. The issue was and is whether the Snohomish police impermissibly manipulated identification evidence. We thus find the element of identity of issues is met for purposes of collateral estoppel.

*Hanson,* at 563, 852 P.2d 295.

In the present case, just as in *Hanson*, the "issue was and is whether the Wenatchee [Snohomish] police impermissibly manipulated statements and testimony by M.E. and D.E. [identification] evidence" *Id.* at 563. As demonstrated by the bracketed facts, the issues in the reference hearing and this civil rights action are identical, as was true in *Hanson*. In other words, the only difference between this case, and *Hanson* is that the challenged conduct was an identification procedure in *Hanson* as opposed to manipulating testimony in our case. The only other difference is who the prevailing party was in the court of appeals. In *Hanson*, the State prevailed. In our case, the plaintiffs prevailed. The issues in the reference hearing and this civil rights action are identical.

Moreover, the court in *Hanson* held that the use of the same evidence in one

MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT--7
F:\clients\everett6184\mem.PSJ

proceeding may be used to show an identity of issues. *See Hanson*, 121 Wash.2d at 563, 852 P.2d 295; *Estate of Sly v. Linville*, 75 Wash.App. 431, 878 P.2d 1241 (1994). The issues in the two proceedings are identical because the same evidence that was used in the reference hearing to demonstrate the use of improper investigation by the City will be used in this civil rights action. Therefore, the first factor, identity of issues is established.

### (2) Final Judgment

The reference hearing resulted in a judgment entered by the Court of Appeals in favor of the Everetts. The State did not appeal, and the judgment became final. *See* attached Unpublished Opinion (No. 16683-0-III). Thus, the findings of fact of the trial court, which were adopted by the Court of Appeals became a final judgment.

### (3) Same parties or in privity.

In *Thompson v. State, Dept. of Licensing*, 982 P.2d 601 (1999), the Supreme Court of Washington held that the county prosecutor in a state criminal proceeding is identical to the state of Washington in any later civil or criminal proceeding. *Id.* at 607. In *Thompson*, the court relied upon *State v. Cleveland*, 58 Wash.App. 634,

MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT--8
F:\cleints\everent6184\mem.PSJ

639-40, 794 P.2d 546 (1990), *cert. denied*, 499 U.S. 948, 111 S.Ct. 1415, 113 L.Ed.2d 468 (1991). *Id.* at 607. In that case, the Court of Appeals considered the identity of the parties in a collateral estoppel analysis and said, "It is immaterial that in the dependency proceeding, the State was represented by the Attorney General and in the criminal prosecution was represented by the county prosecuting attorney." *State v. Cleveland*, 58 Wash.App. at 639-40; *See also, State v. Dupard*, 93 Wash.2d 268, 273, 609 P.2d 961 (1980); *Thompson v. State, Dept. of Licensing*, 982 P.2d 601 (1999).

The State of Washington was the identical party to the plaintiff in the reference hearing. Thus, the question in this case is whether the defendant, city of Wenatchee, is in privity with the State of Washington for purposes of collateral estoppel.

Privity is established in cases where a person is in actual control of the litigation, or substantially participates in it even though not in actual control. *See, e.g., Mut. of Enumclaw Ins. Co. v. State Farm Mutual Auto Ins. Co.*, 37 Wash.App. 690, 682 P.2d 317 (1984); *Youngquist v. Thomas*, 196 Wash. 444, 83 P.2d 337, 87 P.2d 1120 (1938); *Edmiston v. Empire Ice & Shingle Co.*, 147 Wash. 490, 266 P.

MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT--9
F:\clients\everett6184\mem.PSJ

703 (1928). As noted in the Restatement (Second) of Judgments § 39, at 382 (1982), "A person who is not a party to an action but who controls or substantially participates in the control of the presentation on behalf of a party is bound by the determination of issues decided as though he were a party."

In the present case, defendants Perez and the city of Wenatchee substantially participated in the control of the presentation of the evidence at the reference hearing. As is typical with criminal proceedings, the city police department performed the investigation, and was therefore the exclusive source of information and evidence, and the presentation thereof.[2]

The State presented the case investigated and prepared by Detective Perez and the city of Wenatchee. The trial court in the reference hearing, resolved issues of credibility between Detective Perez and Idella Everett. As an example, in the reference hearing both Detective Perez and Idella Everett testified to facts related to Ms. Everett's interrogation by Detective Perez. The trial court disbelieved Detective Perez and instead found credible the testimony of Idella Everett. (*See*

---

[2] The singular exception relates to the state of Washington's participation through CPS investigators, who worked closely with Detective Perez and also testified in the reference hearing. As a matter of law, the individual CPS investigators were agents of the State of Washington.

MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT--10
F:\clients\everett6184\mem.PSJ

VAN SICLEN, STOCKS & FIRKINS
ATTORNEYS AT LAW
4508 AUBURN WAY NORTH · SUITE A-100
AUBURN, WASHINGTON 98002-1381

Memorandum Decision at 57-58). Thus, the defendants in this case were in privity with the State, and had every opportunity to testify and have their evidence believed by the trial court. The trial court did not believe the defendants however.

In *Kuhlman v. Thomas*, 78 Wash.App. 115, 897 P.2d 365, 368, (1995), the plaintiff sued the Seattle Housing Authority (SHA) in an initial suit which was dismissed. The plaintiff thereafter brought an action against the employees and agents of SHA, but not against SHA. The court in *Kuhlman* held, "courts, as a rule, view different defendants between suits as the same party as long as they are in privity." *Id* at 368; citing *Woodley v. Myers Capital Corp.*, 67 Wash.App. 328, 337, 835 P.2d 239 (1992), *review denied*, 121 Wash.2d 1003, 848 P.2d 1264 (1993). The court further held that employer-employee or principal-agent relationships create sufficient privity to establish an assertion of issue preclusion. *Id.* at 368; See *Woodley*, at 337, 835 P.2d 239 (stating that a nonparty is in privity with a party for res judicata purposes if the party adequately represented the nonparty's interests in prior proceeding) (*citing Latham v. Wells Fargo Bank*, N.A., 896 F.2d 979, 983 (5th Cir.1990)).

In the present, as is true with nearly every criminal proceeding, the city police

MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT--11
F:\cleints\everett6184\mem.PSJ

VAN SICLEN, STOCKS & FIRKINS
ATTORNEYS AT LAW
4508 AUBURN WAY NORTH · SUITE A-100
AUBURN, WASHINGTON 98002-1381

department investigated the criminal allegations as an agent for the state of Washington. As a consequence, Robert Perez and the city defendant is in privity with the state of Washington.

Further, in *Latham v. Wells Fargo Bank*, N.A., 896 F.2d 979, 983 (5th Cir.1990), the court held that a nonparty is in privity with a party for res judicata purposes if the nonparty has succeeded to the party's interest in property, if the nonparty controlled the prior litigation, or if the party adequately represented the nonparty's interest in the prior proceeding. *Id.* at 983.

In the present case, Perez and the city defendant controlled the prosecution of this case. Detective Perez filed more than 1000 counts of rape and molestation against both Mr. and Mrs. Everett. Detective Perez controlled the flow of information that was forwarded to the prosecutor, including destroying his notes so that he would be the sole witness to the interrogation of the Everetts and their children. (See exhibit "E" attached to the Declaration of Tyler K. Firkins). Also the State adequately represented the defendant city in the litigation. In fact, the trial court praised the presentation of the county prosecutor in its Memorandum Decision. (*See* Memorandum Decision at 2). Thus, under the above authority, the city

MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT--12
F:\clcints\everett6184\mcm.PSJ

VAN SICLEN, STOCKS & FIRKINS
ATTORNEYS AT LAW
4508 AUBURN WAY NORTH • SUITE A-100
AUBURN, WASHINGTON 98002-1381

defendant was adequately represented. In summary, Perez and the city defendant was in privity with the state of Washington.

### (4) Application of the doctrine does not work an injustice.

In this case, the application of the doctrine of collateral estoppel will not work an injustice. In *Hanson*, the court concluded that application of the doctrine would not work an injustice because Hanson had been given, in his criminal trial, an adequate opportunity to present his evidence and arguments to the trial court and Court of Appeals. Hanson, at 563.

Similarly, in this case, the city defendants had an equal opportunity to present the testimony of Detective Perez and any other involved officer or agent. The reference hearing was a six day trial, in which the trial court resolved issues of credibility. Thus, just as in *Hanson*, the city defendant had every opportunity to participate in the reference hearing. In any subsequent trial, the same evidence and the same witnesses would testify. The trier of fact would be required to resolve issues of credibility, just as the trial court did in the reference hearing. Therefore, application of the doctrine would not be unjust.

In summary, the application of the doctrine of collateral estoppel is

MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT--13
F:\clients\everett6184\mem.PSJ

appropriate in this case. To not apply the doctrine would merely serve to create judicial inefficiency and potentially inconsistent results.

### III. CONCLUSION

The plaintiffs move this Court for an order of partial summary judgment pursuant to the doctrine of collateral estoppel. For all the forgoing reasons, the plaintiffs' motion should be granted.

DATED this the 29th day of October, 1999 at Auburn, Washington.

VAN SICLEN, STOCKS & FIRKINS

Robert C. Van Siclen, WSBA 4417
Tyler K. Firkins, WSBA 20964
Attorneys for plaintiffs

MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT--14
F:\claims\everett6184\mem.PSJ